# 2000 DTA 87

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGUEZ
PANEL I**

JOSE A. FIGUEROA MEDINA
Recurrente

v.

AUTORIDAD DE CARRETERAS Y TRANSPORTACION
Recurrida

Núm. KLRA-99-00555

San Juan, Puerto Rico, a 8 de febrero de 2000

Panel integrado por su Presidente, Juez Rossy García
y los Jueces González Rivera y Ortiz Carrión

Rossy García, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El recurso instado en el caso de epígrafe interesa la revisión y revocación de una Resolución emitida el 22 de abril de 1999 por el Comité de Apelaciones de la Autoridad de Carreteras y Transportación (en adelante el Comité). Mediante ésta, dicho foro declaró No Ha Lugar, la apelación presentada por el recurrente, Ing. José A. Figueroa Medina, y la determinación del Director Ejecutivo de la Autoridad de Carreteras y Transportación (en adelante Autoridad), clasificando el puesto por él ocupado a Ingeniero Gerencial III. Fue la contención del recurrente ante el referido foro que el puesto de Ingeniero V por él ocupado antes de la implantación del nuevo Plan de Clasificación y Retribución adoptado por la Autoridad, fue indebidamente clasificado. Argumentó así, al igual que lo hace ante nos, que su puesto debió ser clasificado a Ingeniero Gerencial IV.

Inconforme con dicho dictamen, el que fue emitido por una mayoría del Comité, luego de disentir uno de sus miembros, el recurrente instó el recurso que nos ocupa. En éste imputa, en síntesis, que incidió la mayoría del Comité al confirmar tal determinación de la Autoridad y nos solicita como remedio la reclasificación de su puesto a Ingeniero Gerencial IV, con efectividad al 1 de enero de 1991. Encontrándonos en condición de dictaminar, resolvemos que incidió el foro administrativo recurrido al denegar la apelación instada por el recurrente, por lo que resulta procedente expedir el auto solicitado a los fines interesados.

### I

El apelante-recurrente, Ing. José A. Figueroa Medina, es empleado gerencial de carrera de la Autoridad de Carreteras y Transportación. Antes de enero de 1991 ocupaba un puesto gerencial en el servicio de carrera ubicado en el área de construcción de la Autoridad, el que estaba clasificado como Ingeniero V. Efectivo el 1 de enero de 1991, la Autoridad implantó un nuevo Plan de Clasificación y Retribución. Al adoptar el nuevo Plan, la Autoridad efectuó cambios para ajustar los puestos existentes al mismo. En lo que respecta al aquí recurrente, se le notificó que su puesto fue ubicado en la categoría de Ingeniero Gerencial III.

Inconforme con dicha determinación, solicitó del entonces Director Ejecutivo de la Autoridad la revisión de la reclasificación asignada. Fue su posición que la misma no correspondía al nivel de complejidad de las funciones del puesto que ocupaba previo a las nuevas clasificaciones; que su puesto correspondía en el nuevo Plan de Clasificación a Ingeniero Gerencial IV; y que tal reclasificación informada constituia para él un descenso sin el debido proceso de ley.

Habiéndose reiterado el Director Ejecutivo de la Autoridad en su determinación, el aquí recurrente presentó apelación ante el Comité de Apelaciones de la Autoridad. En su recurso ante el referido foro, solicitó la revocación de la decisión de la Autoridad y la reclasificación de su puesto, conforme a lo por él solicitado,

según ya indicado. Contestada como fue la apelación y luego de una serie de incidentes procesales que se hace innecesario reseñar, quedó limitada la controversia ante el foro administrativo a la determinación de si el puesto ocupado por el aquí recurrente fue erróneamente clasificado al implantarse el nuevo Plan de Clasificación y Retribución. Definida la controversia según indicado, el Comité señaló vista evidenciaria, la que se efectuó los días 12 y 17 de febrero de 1999. En ésta, las partes aportaron prueba testifical y documental en apoyo de las respectivas contenciones, quedando así sometido el caso. Fue así como el Comité emitió, por mayoría, el dictamen que es aquí objeto de impugnación. En éste, y en lo que nos resulta pertinente, determinó el referido foro que el aquí recurrente, Ing. José A. Figueroa Medina, es un empleado Gerencial de Carrera de la Autoridad de Carreteras y Transportación, así como que para el año 1989 ocupaba un puesto con clasificación de Ingeniero V, prestando servicios en el así denominado Proyecto Agua-Guagua. Determinó, además, que para los meses de noviembre y diciembre de 1989, la Autoridad inició un estudio para implantar un nuevo Plan de Clasificación y Retribución, con motivo de lo cual se le requirió al recurrente, y éste sometió, un Cuestionario de Clasificación. En éste consignó, entre otros extremos, que el puesto por él ocupado era de Ingeniero V y que el título funcional de dicho puesto lo era el de *"Sub-Jefe de Oficina Agua-Guagua"*, y relacionó las tareas y deberes por él desempeñados. ■ Posteriormente, y con efectividad al 16 de julio de 1990, fue trasladado a la Oficina Regional de la Autoridad de Carreteras y Transportación donde se desempeñó como Administrador de Proyecto.

Con estos antecedentes y según determinado por el foro administrativo recurrido, efectivo al 1ro. de enero de 1991, la Autoridad implantó su nuevo Plan de Clasificación y Retribución, luego de lo cual notificó al recurrente que su puesto fue clasificado como Ingeniero Gerencial III. Tal determinación de la Autoridad fue fundamentada, a su juicio, en el conjunto de tareas y deberes desempeñadas por el recurrente.

Fue así como la Autoridad, al igual que el foro administrativo recurrido, haciendo abstracción de la realidad que no se trataba de una solicitud de reclasificación de puesto promovida por el recurrente, y negándose a reconocer que la controversia ante ellos giraba en torno a la correcta clasificación del puesto del recurrente al implantarse el nuevo Plan de Clasificación, entró en un análisis de las funciones que en un momento determinado realizaba el recurrente. Desmereció así en dicho proceso, la correspondencia entre la descripción de la naturaleza, aspectos distintivos y cualificaciones requeridos para la plaza por él ocupada y aquélla de las plazas incluidas en el nuevo Plan de Clasificación. ■ Al así proceder incidieron, por lo que el dictamen recurrido no puede prevalecer.

## II

Debemos aquí iniciar por señalar y reconocer que la revisión de una decisión administrativa está limitada por lo dispuesto en la Sec. 4.5 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2175. Esta, en lo pertinente, dispone que *las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.* En lo que respecta a las conclusiones de derecho, expresamente dispone que serán revisables en todos sus aspectos por el tribunal. De otra parte, cuestiones de derecho que no involucren interpretaciones efectuadas dentro de la zona de especialización de la agencia y cuestiones mixtas de hecho y de derecho, se consideran cuestiones de derecho igualmente revisables en toda su extensión. *Rivera Rentas y Rodríguez v. A & C Dev. Corp., Acosta y D.A.C.O.*, ___ D.P.R. ___ (1997), **97 J.T.S. 143.** Así, generalmente, la revisión judicial abarca tres áreas, extendiéndose a: (1) la concesión del remedio apropiado; (2) la revisión de las determinaciones de hecho efectuadas por la agencia, las que deberán estar sostenidas por el criterio de la evidencia sustancial; y (3) si las conclusiones de derecho fueron correctas. *Reyes Salcedo v. Policía de P.R.*, ___ D.P.R. ___ (1997), **97 J.T.S. 58.** Estamos, pues, plenamente autorizados para revisar las cuestiones de derecho a que se contrae el recurso que nos ocupa en toda su extensión.

## III

La Autoridad de Carreteras y Transportación de Puerto Rico es una agencia reconocida como corporación pública que funciona como un negocio o empresa privada, lo que por virtud de lo dispuesto en la Sec. 10.6 de la

Ley de Personal del Servicio Público, 3 L.P.R.A. sec. 1338, queda excluida del Sistema de Personal del Servicio Público. No obstante tal exclusión, ninguna duda debe existir en cuanto a que la Autoridad venía obligada a reconocer y respetar el principio del mérito proclamado en la Ley de Personal, *supra*. Basta con señalar que en lo que respecta a las agencias y ramas de gobierno excluidas, la misma ley dispuso, no obstante, que éstos tendrán que adoptar, con el asesoramiento de la Oficina de Personal, un reglamento de personal en el que se incorporaría el principio del mérito. *Torres Ponce v. Jiménez*, 113 D.P.R. 58, 69-70 (1982).

Fue en el cumplimiento de tal obligación que se aprobó el Reglamento de Personal de la Autoridad de Carreteras y Transportación, Reglamento Núm. 4769 de 6 de agosto de 1992. En éste, la Autoridad reconoce, expresamente en el Art. 1, su obligación de adoptar un Reglamento de Personal que garantice el principio de mérito, el que regirá las normas de personal de aquellos empleados no cubiertos por convenio colectivo. De otra parte, ninguna duda debe existir en cuanto a que una vez una agencia ha promulgado unos reglamentos para facilitar su proceso decisional y limitar el alcance de su discreción, viene obligada a observarlos estrictamente y no queda a su soberana voluntad reconocer o no los derechos que ella misma le ha extendido a sus empleados. *García Cabán v. U.P.R.*, 120 D.P.R. 167, 175 (1987); *Díaz de Llovet v. Gobernador*, 112 D.P.R. 747, 757 (1982).

Dirigiendo ahora nuestra atención al Reglamento de Personal de la Autoridad, el Art. 9 del mismo trata lo relativo a la clasificación de puestos. Así, la sección 9.1 dispone, en lo pertinente, que el Director Ejecutivo establecerá un plan de clasificación para la Autoridad, previo la aprobación del Secretario, el que reflejará la situación de todos los puestos de la Agencia a una fecha determinada, constituyendo así un inventario de los puestos autorizados. Contempla, además, la necesidad de establecer *"los mecanismos necesarios para hacer que el plan de clasificación sea susceptible a una revisión y modificación continua de forma que constituya una herramienta de trabajo efectiva"*.

Por su parte, la Sección 9.2 dispone que la Autoridad *"preparará y mantendrá al día, para cada puesto autorizado, una descripción clara y precisa de los deberes y responsabilidades, así como del grado de autoridad y supervisión adscrita al mismo"*. La Sección 9.3 provee que se *"agrupará en clases todos los puestos que sean igual o sustancialmente similares en cuanto a la naturaleza y complejidad de los deberes, así como al grado de autoridad y responsabilidad asignadas a los mismos"*. En la Sección 9.10 se dispone, en lo pertinente al caso que nos ocupa, que el *"[e]l Director Ejecutivo asignará inicialmente las clases que integren el plan de clasificación a las escalas de sueldo contenidas en el plan de retribución vigente, con base principalmente en la jerarquía relativa que se determine para cada clase dentro del plan de clasificación"*. Finalmente, la Sección. 9.9, al reglamentar lo atinente a las equivalencias entre distintos planes de clasificación, provee como sigue:

*"Se determinará la jerarquía o posición relativa entre las clases de puestos comprendidas en el plan de clasificación, a los fines de asignar éstas a las escalas de retribución y para establecer concordancia para ascensos, traslados y descensos entre jurisdicciones que se rijan por planes de clasificación diferentes."*

*La determinación de posición relativa es el proceso mediante el cual se ubica cada clase de puesto en la escala de valores de la organización, en términos de factores, tales como la naturaleza y complejidad de las funciones, y el grado de autoridad y responsabilidad que se ejerce y se recibe. Los procesos para establecer la jerarquía de las clases deberán ser objetivos en la medida máxima posible. Se tendrá en cuenta que se trata de ubicar funciones y grupos de funciones, independientemente de las personas que las realizan o han de realizarlas.*

*El Director Ejecutivo dará la aprobación final a la determinación de la jerarquía relativa entre las distintas clases de puestos comprendidas en el plan de clasificación."*

Dirigiendo nuestra atención a la situación particular del caso que nos ocupa, es realidad incontrovertida que antes del 1ro. de enero de 1991, el recurrente ocupaba un puesto gerencial en el puesto que estaba clasificado de Ingeniero V dentro del esquema de clasificación vigente con anterioridad a dicha fecha. Hasta ese momento, la clasificación de la clase de ingenieros estaba subdividida en una estructura que constaba de ocho niveles. Al

implantarse el nuevo Plan de Clasificación y Retribución, la clase de ingenieros se ajustó a siete niveles. Así, el puesto de Ingeniero I pasó a la unidad apropiada y los restantes siete puestos permanecieron adscritos al sector gerencial. Cambió así la estructura anterior a la nueva con los siguientes lineamientos y equivalencias:

*"Ingeniero I - Ingeniero (Unionado)*

*Ingeniero II - Ingeniero Gerencial I*

*Ingeniero III - Ingeniero Gerencial II*

*Ingeniero IV - Ingeniero Gerencial III*

*Ingeniero V - Ingeniero Gerencial IV*

*Ingeniero VI - Ingeniero Gerencial V*

*Ingeniero VII - Ingeniero Gerencial VI*

*Ingeniero VIII - Ingeniero Gerencial VII"*.

De un examen de la descripción del puesto que ocupaba el recurrente, Ingeniero V, en el suplantado Plan de Clasificación, se desprende que la naturaleza del trabajo se definía como sigue:

*"Trabajo profesional de ingeniería de oficina y de campo que comprende desempeñarse en calidad de Supervisor o Ingeniero del más alto nivel operacional en su respectiva unidad."* En lo que respecta a los aspectos distintivos del trabajo, el suplantado Plan de Clasificación disponía como sigue:

*"El empleado realiza trabajo de complejidad, responsabilidad y variedad dentro del campo de la ingeniería civil o cualquier otra especialidad dentro de esa profesión. Se desempeña esencialmente como Jefe de División en su respectiva Oficina o como Jefe de la Sección de Análisis y Diseño que es una unidad sumamente técnica y compleja y donde supervisa Ingenieros hasta de nivel IV. Actúa también como Ingeniero del más alto nivel operacional en su respectiva unidad, en cuyo caso realiza el trabajo más complejo y generalmente responde al Jefe de la Oficina correspondiente o en alguna otra capacidad de nivel de complejidad similar. Recibe instrucciones generales en los aspectos comunes de puesto y detalladas en situaciones especiales y se desempeña con independencia de acción y uso de criterio propio. Su trabajo es revisado a la terminación por un Ingeniero o funcionario de mayor jerarquía, mediante informes y reuniones, para constatar corrección y conformidad con las instrucciones impartidas."*

Por su parte, el nuevo Plan de Clasificación define la naturaleza y aspectos distintivos del trabajo de Ingeniero Gerencial IV, como sigue:

*"Trabajo profesional en el campo de la ingeniería que consiste en actuar como jefe de división, supervisor de área u oficial de enlace, desempeñándose como ingeniero del más alto nivel operacional en la supervisión de una unidad de trabajo. Recibe instrucciones generales del Director de Oficina o del Supervisor Regional desempeñándose con libertad de acción y criterio propio en cuanto a la selección de métodos de trabajo, siguiendo las técnicas y prácticas de la profesión. Su trabajo se evalúa mediante reuniones e informes."*

Observamos así que el puesto de Ingeniero V del suplantado Plan de Clasificación se define como un *"trabajo profesional de ingeniería de oficina y de campo que comprende desempeñarse en calidad de supervisor o ingeniero del más alto nivel operacional en su respectiva unidad. Responde a un Jefe de Oficina. Su trabajo es revisado a la terminación por un Ingeniero o funcionario de mayor jerarquía, mediante informes y reuniones, para constatar corrección y conformidad con las instrucciones impartidas".* Al comparar la naturaleza y aspectos

distintivos del trabajo de Ingeniero V del Plan de Clasificación suplantado con la naturaleza y aspectos distintivos de la nueva clasificación de Ingeniero Gerencial IV del nuevo Plan da Clasificación, evidente resulta que existe una equivalencia entre ambos puestos. Estos están definidos como ingenieros del más alto nivel operacional en su respectiva unidad de trabajo, reciben instrucciones o responden a un Jefe o Director de Oficina. Además, como Ingeniero V, el apelante se *"desempeñaba esencialmente como Jefe de División en su respectiva oficina"*. En lo referente al puesto de Ingeniero Gerencial IV, bajo el nuevo plan, *"consiste en actuar como jefe de división"*. Igual concordancia existe en los ejemplos ilustrativos de las exigencias y funciones de ambas clasificaciones, lo que hace forzoso concluir que el puesto ocupado por el recurrente antes de la implantación del nuevo Plan de Clasificación y Retribución corresponde al de Ingeniero Gerencial IV.

Fortalece nuestro criterio lo claramente dispuesto en la Sec. 9.9 del Reglamento de Personal de la Autoridad, referente a la posición relativa de las clases y equivalencias entre distintos planes de clasificación, lo que no podía ser por ésta ignorado. Esta dispone, en lo pertinente, que *"se determinará la jerarquía o posición relativa entre las clases de puestos comprendidos en el plan de clasificación, a los fines de asignar éstas a las escalas de retribución y para establecer concordancia para ascensos, traslados y descensos entre jurisdicciones que se rijan por planes de clasificación diferentes"*. Añade la referida Sección que la determinación de posición relativa *"es el proceso mediante el cual se ubica cada clase de puesto en la escala de valores de organización en términos de factores, tales como la naturaleza y complejidad de las funciones y el grado de autoridad y responsabilidad que se ejerce y se recibe"*. Ordena además, que *"las decisiones se harán sobre bases objetivas, en lo posible"*.

Según ya indicado, en la situación del caso ante nuestra consideración, existe una concordancia o equivalencia entre los puestos de ingeniero V y el puesto de Ingeniero Gerencial IV, realidad que ha sido ignorada, tanto por la Autoridad como por el foro administrativo recurrido. En tales circunstancias, ninguna discreción tenía la Autoridad para ignorar la jerarquía relativa que ya tenía el puesto del apelante, para desmerecerlo sin base a justificación alguna al implementar el nuevo Plan de Clasificación para clasificar la plaza del recurrente a Ingeniero Gerencial III.

De otra parte e independientemente de lo antes indicado, se desprende de las determinaciones de hechos consignadas en el dictamen recurrido que el recurrente se desempeñaba como Ingeniero V y realizaba tareas y deberes propios de dicha clasificación. A tenor con la naturaleza y complejidad de las funciones que realizaba y la posición relativa del apelante anterior a la implantación del nuevo Plan de Clasificación, la Autoridad actuó de manera arbitraria, en violación de su Reglamento de Personal, al negarse a clasificar al Ingeniero Figueroa como Ingeniero Gerencial IV.

Por último, cabe también indicar que la descripción de la naturaleza y aspectos distintivos de la especificación de clase de Ingeniero Gerencial III no equivale con las de Ingeniero V. Basta un examen de las funciones de ambas clases para concluir que no existe una equivalencia o concordancia en la continuidad de funciones. Por el contrario, existe una marcada diferencia entre ambas categorías. El Ingeniero Gerencial III responde, en la línea de mando, a un nivel jerárquico inferior al que responde el Ingeniero V en el antiguo plan. Según ya indicado, el Ingeniero V respondía al Jefe de la Oficina en la cual se desempeñaba, como lo hace, bajo la nueva clasificación, el Ingeniero Gerencial IV. De otra parte, la clasificación de Ingeniero Gerencial III, en su función de Administrador de Proyectos, responde a un Ingeniero Gerencial IV, quien a su vez responde a un Jefe de Oficina. Claro resulta que al clasificar al apelante como Ingeniero Gerencial III, y responder en la línea de mando a un nivel jerárquico inferior, ello constituye un descenso, lo que no es permisible mediante la implantación de un nuevo Plan de Clasificación. Dicho descenso no ha sido justificado por el Comité, ni surge de los autos que se haya cumplido con la normativa referente a los descensos, según expuestas en el Reglamento de Personal, *supra*, sec. 11.4.

Concluimos así, luego de un análisis de la totalidad de los términos contenidos en la Especificación de Clase, que existe una clara incompatibilidad entre la descripción y características del puesto de Ingeniero V que ostentaba el recurrente y el puesto de Ingeniero Gerencial III que le fue asignado con la implantación del nuevo Plan de Clasificación y Retribución, lo que alcanza a un descenso en jerarquía relativa en violación al Reglamento

de Personal de la Autoridad. Procedente resulta, en consecuencia, ordenar la reclasificación del puesto del recurrente en el nuevo Plan de Clasificación y Retribución a Ingeniero Gerencial IV.

### IV

Por los fundamentos antes expuestos, se expide el auto solicitado para dictar sentencia revocatoria del dictamen recurrido. Así, se ordena a la Autoridad recurrida que proceda a reclasificar el puesto ocupado por el aquí recurrente, Ing. José A. Figueroa Medina, a Ingeniero Gerencial IV, con efectividad al 1ro. de enero de 1991, y con derecho éste al pago de los ajustes salariales que tal reclasificación conlleva.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General